UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

THE COLBURN FAMILY FOUNDATION,

                Plaintiff,                              COMPLAINT

    -against-

                                        CIV. ACTION NO.:

CHABAD'S CHILDREN OF CHERNOBYL,     06 CV 2351
TZEIREI CHABAD and FRIENDS
OF TZEIREI CHABAD IN ISRAEL, INC.,

                Defendants.

_____

The Plaintiff, THE COLBURN FAMILY FOUNDATION ("Plaintiff"), by its attorneys, Borges & Associates, LLC, as and for its Complaint against the above-named Defendants alleges the following:

## THE PARTIES

1.     Plaintiff is a Commonwealth of Virginia not-for-profit corporation, having its principal place of business in the Commonwealth of Virginia.

2.     Upon information and belief, Defendant, CHABAD'S CHILDREN OF CHERNOBYL ("CCOC"), is a State of New York not-for-profit corporation, having its principal place of business in the State of New York.

3.     Upon information and belief, Defendant, TZEIREI CHABAD ("TC"), is a State of Israel not-for-profit corporation, having its principal place of business in the State of Israel.

4.     Upon information and belief, Defendant, FRIENDS OF TZEIREI CHABAD IN ISRAEL, INC. ("FTCI"), is a State of New York not-for-profit corporation, having its principal place of business in the State of New York.

### JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that this case presents a controversy between citizens of different states and between a citizen of The Commonwealth of Virginia and a subject of a foreign nation in which the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

6.     Venue in the United States District Court, Southern District of New York is proper as Defendant CCOC is a citizen of the State of New York, being incorporated in New York County, within the State of New York, which is within the jurisdiction of the United States District Court, Southern District of New York.

### STATEMENT OF THE CLAIM

7.     Upon information and belief, CCOC operates as an independent organization under the auspices and umbrella of the Chabad Youth Organization a/k/a Chabad Israel, known in Israel as TZEIREI CHABAD.

8.     Upon information and belief, FTCI operates as a subsidiary of TC.

9.     The Defendants herein owe Plaintiff Five Hundred Thousand  ($500,000.00) Dollars for money lent by Plaintiff to CCOC on, about or before October 15, 2004.

10.     In consideration for said loan to CCOC, CCOC on or about October 15, 2004, executed and delivered to plaintiff a promissory note whereby CCOC, its parent entity and/or any subsidiaries promised to pay to Plaintiff or order on December 14, 2004 the sum of $500,000.00 with interest from October 15, 2004, at the rate of two (2%) percent per annum.

11.     CCOC, its parent entity and/or any subsidiaries failed to remit any payment to Plaintiff by December 14, 2004.

12.     Upon the failure of CCOC, its parent entity and/or any subsidiaries to remit any payment for the outstanding loan amount on or prior to December 14, 2004, Plaintiff agreed to further extend the due date of the outstanding loan, and on July 27, 2005, presented CCOC with a replacement Promissory Note.

13.     Pursuant to the replacement promissory note, complete payment of the principal, with interest from July 27, 2005 at the rate of two (2%) percent per annum, was to be made by CCOC, its parent company and/or any subsidiaries  to Plaintiff by September 15, 2005.

14.     CCOC, its parent entity and/or any subsidiaries have failed to remit any payment to Plaintiff, pursuant to the July 27, 2005 replacement promissory note, to date.

## AS AND FOR A CAUSE OF ACTION AGAINST ALL DEFENDANTS

15.     Based upon the facts set forth above, the Defendants herein owe to Plaintiff the sum of Five Hundred Thousand  ($500,000.00) Dollars with interest on the unpaid principal from July 27, 2005 at the rate of two percent (2%) annually.

16.      Further, in executing both the October 15, 2004 and July 27, 2005 promissory notes, Joseph Aronov, holding himself out as Chairman of CCOC and TC and representing that he had full legal and binding authority to sign on behalf of CCOC, its parent company and/or any subsidiaries, agreed on behalf of any and all of the Defendants that any and all of the Defendants would pay any and all costs associated with the due enforcement of the two promissory notes, including, but not limited to, attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants and in favor of Plaintiff for the sum of Five Hundred Thousand  ($500,000.00)

Dollars with interest on the unpaid principal from July 27, 2005 at the rate of two percent

(2%) annually, any and all costs associated with the due enforcement of the two promissory

notes, included, but not limited to, attorneys fees and costs, and such additional relief as the

Court may deem just and proper.

Dated: March 23, 2006
        Syosset, New York

                                            ___s/ Wanda Borges_____
                                            Wanda Borges, Esq. (wb4904)
                                            Borges and Associates, LLC
                                            Attorneys for Plaintiff
                                            575 Underhill Blvd., Ste. 110
                                            Syosset, New York 11791
                                            (516) 677-8200