```
                                              ┌──────────────────────────────┐
                                              │ USDC SDNY                    │
                                              │ DOCUMENT                     │
UNITED STATES DISTRICT COURT                  │ ELECTRONICALLY FILED         │
SOUTHERN DISTRICT OF NEW YORK                 │ DOC #:_____         │
---------------------------------------------X│ DATE FILED:  5/6/2011        │
THE COLBURN FAMILY FOUNDATION,          :     └──────────────────────────────┘
                                        :
                    Plaintiff,          :     06 Civ. 2351
                                        :
        -against-                       :     **ORDER**
                                        :
CHABAD'S CHILDREN OF CHERNOBYL,         :
TZEIREI CHABAD and FRIENDS OF           :
TZEIREI CHABAD IN ISRAEL, INC.,         :
                                        :
                    Defendants.         :
---------------------------------------------X
```

**I.   Background**

On September 8, 2010, United States District Court Judge Peter K. Leisure found

Chabad's Children of Chernobyl, Tzeirei Chabad, and Friends of Tzeirei Chabad in Israel, Inc.

(collectively, "Defendants") in default of a settlement agreement with The Colburn Family

Foundation ("Plaintiff"), dated October 3, 2006 ("Settlement Agreement"). (Opinion & Order,

dated Sept. 8 ,2010.) Judge Leisure referred the case to Magistrate Judge Ronald L. Ellis to

determine "the amount of payments in default" under the Settlement Agreement and "the

reasonable value of attorneys' fees to be awarded" to Plaintiff.[1] (Opinion & Order, dated Sept. 8,

2010, at 1, 20.) On September 14, 2010, the case was reassigned from Judge Leisure to this

Court. (See Notice of Case Reassignment, dated Sept. 14, 2010.)

On September 29, 2010, the parties resolved their dispute over the amount of payments in

default but were unable to reach agreement over attorneys' fees and costs. (See Tr. of

---

[1]     The Settlement Agreement obligated Defendants to pay Plaintiff "$500,000, plus $22,080
for . . . attorneys' fees and costs." (Stipulation of Settlement, Oct. 3, 2006, at 1.) In its
application for default judgment, dated July 9, 2010, Plaintiff alleged that Defendants owed
Plaintiff "a principal balance . . . of $206,000," plus attorneys' fees and costs of $30,759. (Pl.
Mem. of Law, dated July 9, 2010, at 2, 6.)

Proceedings, dated Sept. 29, 2010, at 6:3.) On November 15, 2010, Plaintiff filed a

memorandum with Judge Ellis seeking "reasonable attorneys' fees" in the amount of \$21,555.67

and costs in the amount of \$82.86, for a total sum of \$21,638.53, representing work performed

by Plaintiff's attorneys from November 2006 through November 15, 2010. (Pl. Mem. of Law,

dated Nov. 15, 2010, at 19.) On November 30, 2010, Defendants filed an opposition arguing,

among other things, that Plaintiff should not be awarded fees for its "bloated travel expenses by

private vehicles, parking expenses, miscellaneous overhead expenses as to emails, faxes, and

phone calls, and unnecessary preparation of legal papers." (Defs.' Mem. of Law, dated Nov. 30,

2011, at 8.)

On April 12, 2011, Judge Ellis issued a thoughtful and comprehensive Report and

Recommendation ("Report"), recommended an "award[] [of] \$20,039.92 in attorneys' fees and

\$82.86 in costs." (Report at 1.) The Report notified the parties that they had "fourteen (14) days

after being served with a copy of [the Report] to file written objections to this Report." (Report

at 10.) To date, neither party has submitted objections.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.    Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections

have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Deleon v.

Strack, 234 F.3d 84, 86–87 (2d Cir. 2000). A district judge "may accept, reject, or modify, in

whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C.

§ 636(b)(1); see also Fed. R. Civ. P. 72(b); Deleon, 234 F.3d at 86–87. A magistrate judge's

recommendations as to fee awards "should only be reversed upon a finding of abuse of

2

discretion." Koehler v. Bank of Berm. Ltd., No. M18 Civ. 302, 2004 WL 906274, at *1
(S.D.N.Y. Apr. 27, 2004).

## III.   Analysis

The facts as set forth in the Report are incorporated herein unless otherwise noted.

The Court has conducted a review of the Report and applicable legal authorities and finds
no "abuse of discretion," McAllan v. Von Essen, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007), and
no basis to depart from the Report's recommendations, see Pizarro v. Bartlett, 776 F. Supp. 815,
817 (S.D.N.Y. 1991).

Among other things, Judge Ellis found that Plaintiff's billing rates, ranging from $200
per hour to $465 per hour, "are reasonable based on the attorneys' experience, and the rates
approved for comparable attorneys" in the Southern District of New York. (Report at 8, 9); see
Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d
Cir. 2008). Judge Ellis deducted $1,515.75 in fees after determining that the "15 hours
[Plaintiff's] attorneys expended on the settlement and fee application" and the "2.05
hours [billed] for resolving the dispute over the amount of [Plaintiff's] default" should not be
reimbursed because Plaintiff cannot recover fees for "the amount of time it incurred resolving"
its own error. (Report at 7); see Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1999).

Judge Ellis also awarded Plaintiff $82.86 in costs. (See Report at 10); see also GMG
Transwest Corp. v. PDK Labs, Inc., No. 07 Civ. 2548, 2011 WL 704023, at *4 (E.D.N.Y. Feb.
13, 2011).

## IV.   Conclusion and Order

For the reasons stated herein and therein, the Court adopts Judge Ellis's Report [#58] in
its entirety. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff and

3

against Defendants in the total amount of $20,122.78 ($20,039.92 in attorneys' fees and $82.86

costs), and to close this case.

Dated: New York, New York
      May 6, 2011

RICHARD M. BERMAN, U.S.D.J.

4